Pearl RANDALL, Mary Steen, Floriene Marshall, Cleora McCardie, Ada Masten, Lionel Colegrove, Chester Davis, Louisa Jackson, Peter Kentuck, William Jarnaghan, Jess Carpenter, Lee Carpenter, Myrtle Moon, Leslie Campbell, Virgil Doolittle, Frank Doolittle, Calvin Carpenter, George Nixon, and Guy Chase, Plaintiffs,

v.

Joseph A. CALIFANO, Secretary of Health, Education and Welfare, Defendant.

No. C-77-0626-WWS.

United States District Court, N. D. California.

Oct. 29, 1980.

Henry J. Sockbeson, David Rapport, Bruce J. Friedman, California Indian Legal Services, Eureka, Cal., for plaintiffs.

George C. Stoll, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

WILLIAM W SCHWARZER, District Judge.

This action was originally filed by 19 named plaintiffs on March 25, 1977, seeking review of decisions of the Secretary of Health, Education, and Welfare denying them Supplemental Security Income ("SSI") payments for the third quarter of 1975 under 42 U.S.C. § 1381 *et seq.*, because of their receipt of unearned income.

Each of the plaintiffs is a member of the Hoopa (or Hupa) Indian Tribe and was an eligible individual under the SSI program through August 3, 1975. On or about August 4, 1975, plaintiffs received from the United States individual cash payments derived from the use of Hoopa reservation lands by private logging companies and purportedly traceable to the sale of trees cut from the lands.[1] The payments were in the amount of $1,156.00 for each plaintiff except Mary Steen, who received $653.73.

The Secretary determined that these payments constituted unearned income within the meaning of 42 U.S.C. § 1382a. On August 19, 1975, plaintiffs were notified that the receipt of the cash payments rendered them ineligible for SSI benefits for the third quarter of 1975, and that the benefits already received for that quarter were overpayments to be deducted from their future SSI benefits.

Plaintiffs then sought administrative relief. The administrative law judge determined that the per capita payments received by plaintiffs constituted so-called countable income under the applicable statutes and regulations and that the payments rendered plaintiffs ineligible for SSI benefits for the quarter in which the income was received. This determination became the final decision of the Secretary on January 26, 1977, when the Appeals Council declined to review it. Plaintiffs filed this action on March 25, 1977.

On February 8, 1978, this Court, after hearing, issued an order remanding these cases to the Secretary for the receipt of additional evidence and further consideration. On remand, the Secretary affirmed the previous determination, and filed a supplemental transcript on March 17, 1980. The action is now before the Court on cross motions for summary judgment.

This case involves the interpretation and application of the regulations governing the supplemental income program under Title XVI of the Social Security Act as amended. The basic purpose of the program is to assure a minimum level of income for people who are 65 or over, blind, or disabled, and who lack sufficient income or resources to maintain a standard of living at the established Federal minimum income level. The law provides for payments to those persons whose income and resources are below specified levels. To implement this purpose, Congress provided not only that an eligible person's income and resources may not exceed specified amounts but that in computing income and resources, certain classes of income and resources are not to be counted. 42 U.S.C. §§ 1382–1382b; 20 C.F.R. §§ 416.1101 *et seq.*, and 416.1201 *et seq.*[2]

---

1. The Bureau of Indian Affairs ("BIA") administers the leasing of Hupa Valley Reservation land which is held in trust by the United States. Payment by the lessee of the land is made to the BIA. The BIA transfers the funds to the United States Treasury, which issues cash payments to those Indians who are considered to be the beneficiaries.

2. 42 U.S.C. § 1382 establishes the standard of eligibility for SSI benefits based on receipt of income and ownership of resources. Under that section eligibility is lost if an individual has countable income or resources in excess of specified amounts. 42 U.S.C. § 1382a defines income for purposes of determining SSI eligibility and provides certain exclusions from income computation. 20 C.F.R. §§ 416.1101 *et seq.* provide further definition of income and

The issue before the Court is whether the cash payments received by plaintiffs must be counted or excluded in determining plaintiffs' eligibility for SSI benefits. The first step in the analysis of eligibility is to determine whether these payments are to be treated as income or as resources for purposes of 42 U.S.C. § 1382. This determination depends in turn on whether the payments derived from possessory interests and whether those interests would be excludible. Resources are defined in 20 C.F.R. § 416.1201, which provides in part:

(a) *Resources; defined.* For purposes of this subpart L, resources mean cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his support and maintenance. If the individual has the right, authority or power to liquidate the property, or his share of the property, it is considered a resource. If a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse).

Under 20 C.F.R. § 416.1105(a), cash received from the sale or exchange of a resource retains the character of a resource.[3]

Plaintiffs contend that as Indians of the Hoopa reservation they have a possessory equitable interest, which they may liquidate, in the reservation lands on which the timber was cut. Those lands are held in trust by the United States for their benefit. They argue that this interest is a resource and that the sale of timber therefore constitutes merely a conversion of a resource into cash. The administrative law judge found that the plaintiffs' possessory interests in the land and timber did not fall within the definition of a resource.[4] In its earlier review of the case, this Court questioned the analysis upon which that finding was based.[5] In its order of remand the Court

---

additional exclusions from income. 42 U.S.C. § 1382b defines resources for purposes of determining SSI eligibility and provides certain exclusions from resource computation. 20 C.F.R. §§ 416.1201 *et seq.* provide further definition of resources and additional exclusions from resources.

3. 20 C.F.R. § 416.1105(a) provides:
   *Conversion of resource.* Any cash or other property received from the sale or exchange of a resource as defined in § 416.1201 is not income, but retains the character of a resource.
   20 C.F.R. § 416.1201(b) provides:
   *Liquid resources; defined.* Liquid resources are those properties that are in cash or are financial instruments which are convertible to cash. Liquid resources include cash on hand, cash in savings accounts or checking accounts, stocks, bonds, mutual fund shares, promissory notes, mortgages and similar properties.

4. The administrative law judge made the following finding on the resource issue:
   Counsel contends that claimant's interest in the Indian Reservation lands and proceeds therefrom is a resource and excludable. There is no evidence to indicate that he owns any particular parcel of land. His interest is derivative. Any interest he has is his rights as a member of the Hoopa Tribe. The lands are held in trust for the use of the Tribe. A resource is defined in the Regulations as real or personal property that an individual *owns* and would [sic] convert to cash for his sup-

port and maintenance. If he does not have the right, authority or power to liquidate the property, it cannot be considered his resource. (20 C.F.R. Sec. 416.1201(a)). Clearly, since claimant does not own the land nor have the power to liquidate it, the lands or the proceeds therefrom cannot be considered a resource of claimant.

5. In its order of remand the Court stated as follows:
   The Court believes that this analysis is too simplistic. Although we do not know the precise legal relationship of plaintiffs to the lands in issue, we know at least that upon the sale of timber from those lands each plaintiff appears to be entitled to share in the proceeds. This suggests that plaintiffs may well hold some property interest in the land and timber. That the land and timber may be held in trust would not seem to automatically disqualify them as resources, particularly in light of § 416.1201, quoted above, which provides that the power to liquidate one's *share* of the property may qualify it as a resource. Thus, even if plaintiffs must secure United States or BIA consent to sell the lands, the timber, or their equitable interest, such property interests may be resources if the individual has the power (alone or with permission) to liquidate his share.
   This conclusion is supported by 20 C.F.R. § 416.1234 which provides an exclusion from countable resources for Indian lands which may not be sold, transferred or disposed of without the permission of other individuals,

directed the Secretary to receive evidence concerning the nature of plaintiffs' interest in the land and timber and their power to liquidate their interest, and to consider the purpose and policy underlying the regulations and determine whether they are intended to encompass that kind of interest and power. The additional exhibits gathered by the Secretary on remand fail, however, to clarify the nature of plaintiffs' possessory interest.[6] The Court therefore still finds itself unable to affirm the Secretary's finding that plaintiffs' possessory interests were not resources, under the substantial evidence standard required by 42 U.S.C. §§ 405(g) and 1383(c)(3). Resolution of that issue, however, is not necessary to a decision of this case.

As the Court indicated in its prior order, if the payments were determined to be resources, as plaintiffs contend, the question remains whether they should be counted or excluded in the resource computation under 42 U.S.C. § 1382. Under the statutory scheme, resources are to be counted unless they are explicitly excluded by the regulations. Plaintiffs contend that the payments must be excluded from the computation as an excludible resource on two separate grounds.

First, plaintiffs argue that the exclusion of specified Indian lands from resource computation in 20 C.F.R. § 416.1234 requires that these payments be excluded. That section provides:

> In determining the resources of an individual (and spouse, if any) who is of Indian descent from a federally recognized Indian tribe, there shall be excluded such restricted, allotted lands as such individual (and spouse, if any) may possess if such individual (and spouse, if any) cannot sell, transfer or otherwise dispose of such land without permission of other individuals, his tribe or an agency of the Federal Government.

There is no evidence, however, that the lands in which plaintiffs claim an interest are "restricted, allotted lands." Therefore even if the payments were treated as cash from the conversion of a resource, the underlying resource is not excludible in the computation under 42 U.S.C. § 1382.

Second, plaintiffs argue that the exclusion in 20 C.F.R. § 416.1236(a)(3) of Indian per capita payments made pursuant to P.L. 93–134 operates to exclude the payments from the resource computation.[7] There is no evidence, however, that these payments were made pursuant to P.L. 93–134.[8]

---

the tribe or an agency of the United States Government. This exclusion would not have been necessary if such interests of Indians in land did not qualify initially as a resource under 20 C.F.R. § 416.1201.

**6.** The additional exhibits consist of the standard provisions for use in BIA contracts for the sale of timber (Tr. 482–488); a Forest Officer's report concerning a Hoopa timber sale on the Hoopa reservation (Tr. 489–512); examples of contracts for the sale of Hoopa timber (Tr. 513 525, 528); and a resolution of the Hoopa Valley Tribe Tribal Business Council authorizing the BIA to sell reservation timber (Tr. 526–527). These exhibits show that a tribal body administers the sale of reservation timber, but they do not serve to clarify the precise legal relationship of plaintiffs to the lands in issue.

**7.** 20 C.F.R. § 416.1236 provides in relevant part:
(a) For the purpose of § 416.1210(j), payments or benefits provided under a Federal statute other than title XVI of the Social Security Act where exclusion from resources is required by such statute include:

(3) Indian per capita judgment payments under the provisions of Pub.L. 93 134 (87 Stat. 468, 25 U.S.C. § 1407), awarded from the date of that act (October 19, 1973), excluding such payments when made to any tribe or group whose trust relationship with the Federal government has been terminated and for which there already existed legislation authorizing the disposition of its judgment funds; but including all funds deriving from judgments entered prior to the date of the act for which there has been no enabling legislation.

**8.** P.L. 93-134, 25 U.S.C. § 1401, provides rules for the "distribution of funds appropriated in satisfaction of a judgment of the Indian Claims Commission or the Court of Claims" in favor of an Indian tribe or group. It concerns funds appropriated by Congress; see 1973 *Code Cong. & Adm.News*, pp. 2311–2312. While *Short v. United States*, 486 F.2d 561 (Ct.Cl. 1973), dealt with Hoopa per capita timber payments, it does not appear that the payments in the instant case derive from funds appropriated in satisfaction of that or any other judgment.

Therefore even if the payments were found to be resources, § 416.1236(a)(3) would not exclude them from the resource computation under 42 U.S.C. § 1382.

Thus, even assuming arguendo that plaintiffs' payments were determined to be resources, they would not be excluded from resource computation under 42 U.S.C. § 1382.

If, alternatively, plaintiffs' payments were determined to be income rather than resources, as the Secretary contends, a parallel analysis would apply to determine whether the payments should be included or excluded in the computation. Under the scheme for income computation, income is to be counted unless it is explicitly excluded by the regulations. Plaintiffs contend that if these payments are income, they are excludible income, relying on two separate grounds.

■ First, plaintiffs argue that the exclusion of assistance based on need supplied by an Indian tribe in 20 C.F.R. § 416.1151 excludes plaintiffs' payments.[9] The Court determined in its prior order that the payments would not be excluded by this section, approving the reasoning of the administrative law judge.[10]

Second, plaintiffs argue that if the payments are income they are excluded from computation by 20 C.F.R. § 416.1146(c), which excludes Indian per capita payments made pursuant to P.L. 93–134.[11] Again,

---

9. 20 C.F.R. § 416.1151 (1978) provided:
   Assistance by a State or a political subdivision (including Indian tribes) which is based on need and which meets the definition of State supplementation in Subpart T of this part shall not be considered in determining countable income under § 416.1115.
   20 C.F.R. § 416.2001, Subpart T provides in relevant part:
   (a) *State supplementary payments; defined.* State supplementary payments which shall be excluded from income pursuant to § 416.1151, are any payments made by a State or one of its political subdivisions . . ., if the payments are made:
   (1) In supplementation of the Federal supplemental security income benefits; i. e., as a complement to the Federal benefit amount, thereby increasing the amount of income available to the recipient to meet his needs; and
   (2) Regularly, on a periodic recurring, or routine basis of at least once a quarter; or made to a specific group or class of individuals in similar circumstances or situations (such as burnouts, utility turnoffs, evictions); and
   (3) In cash, which may be actual currency or any negotiable instrument, convertible into cash upon demand; and
   (4) In an amount based on the need or income of an individual or couple.
   20 C.F.R. § 416.1151 as subsequently amended provides in relevant part:
   State assistance based on need.
   (a) Assistance based on need furnished to or on behalf of an eligible individual (and eligible spouse, if any) shall not be considered in determining countable income under title XVI provided:
   (1) The assistance is furnished by a State or political subdivision (including Indian tribes) under a program which uses income, or income and resources, as criteria for determining eligibility for an amount of such assistance.
   The previous requirement that the payments be based on need or income is incorporated in subsections (a) and (a)(1) of the amended section; the previous requirement that the payments be regular or directed towards a specific class of individuals is retained by the reference in subsection (a)(1) to a "program."

10. In finding that the exclusion in 20 C.F.R. § 416.1151 did not apply, the administrative law judge noted that the payments were not characterized as payments based on need, that the payments were not made on a regular basis, and that the payments were not made in supplementation of SSI benefits (Tr. 184).

11. 20 C.F.R. § 416.1146 provides in relevant part:
   For the purpose of § 416.1145(a), payments or benefits provided under a Federal statute other than title XVI of the Social Security Act where exclusion from income is required by such statute include:

   \*      \*      \*      \*      \*      \*

   (c) Indian per capita judgment payments, under the provisions of Pub.L. 93 134 (87 Stat. 468, 25 U.S.C. § 1407), awarded from the date of that act (October 19, 1973), excluding such payments when made to any tribe or group whose trust relationship with the Federal government has been terminated and for which there already existed legislation authorizing the disposition of its judgment funds; but including all funds deriving from judgments entered prior to the date of the act for which there has been no enabling legislation.

however, it does not appear that plaintiffs' payments were made pursuant to P.L. 93–134.

Thus, even assuming arguendo that plaintiffs' payments were determined to be income, they would not be excluded from income computation under 42 U.S.C. § 1382.

■ Plaintiffs also contend that the right to the proceeds from the Hoopa reservation lands and timber is a special Indian right which can only be reduced by explicit Congressional action. Plaintiffs argue that since the SSI legislation was enacted subsequent to the vesting of the rights in the Hoopa reservation timber, it was not necessary for Congress to specifically exclude these proceeds from the computation for SSI eligibility. This argument is unconvincing. As explained above, eligibility for SSI benefits is determined by a standard of need which applies to all citizens alike. Congress has provided a number of exclusions from resource and income computation for SSI eligibility, including certain exclusions pertaining specifically to Indians. There is no indication that Congress intended to exclude vested tribal property rights, such as those of plaintiffs' tribe, when it enacted the SSI legislation.

The Court accordingly finds, on the basis of the record and the applicable laws and regulations, that plaintiffs' payments are not excludible from computation either as resources or as income, and that they are therefore properly counted in determining eligibility for SSI benefits under 42 U.S.C. § 1382. The decision of the Secretary denying plaintiffs SSI benefits for the third quarter of 1975 under 42 U.S.C. § 1381 *et seq.* is found to be supported by substantial evidence, as required by 42 U.S.C. §§ 405(g) and 1383(c)(3), and in conformity with applicable laws and regulations.

Accordingly, defendant's motion for summary judgment is granted, the parties to bear their own costs.

IT IS SO ORDERED.